UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNESTINE JACKSON,

    Plaintiffs,

vs.                                                                Case No. 13-12430

BANK OF AMERICA, N.A., DEUTSCHE BANK          HON. AVERN COHN
NATIONAL TRUST COMPANY, as Trustee of the
HSI Asset Securitization Corporation Trust
2006-HE2; and HSI ASSET SECURITIZATION
CORPORATION TRUST 2006-HE2,

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 9)[1]

**I.**

This is a case challenging foreclosure proceedings. Plaintiff has named Bank of America, N.A., (BOA), Deutsche Bank National Trust Company (Deutsche), as Trustee of the HSI Asset Securitization Corporation Trust, 2006-HE2; and HSI Asset Securitization Corporation Trust 2006-HE-2 (Trust) as defendants. The complaint asserts multiple claims, as follows:

    Count 1    Breach of MCL 600.3204(1) and (3)

    Count 2    Breach of Contract

---

[1] Although originally schedule for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

| | |
|---|---|
| Count 3 | Intentional Fraud |
| Count 4 | Constructive Fraud |
| Count 5 | Tortious Interference with Contractual Relations |
| Count 6 | Civil Conspiracy |
| Count 7 | Breach of MCL 445.251, et seq. |
| Count 8 | Breach of Michigan's Occupational Code, MCL 339.918, 339.915(e), 339-915(h) |
| Count 9 | Accounting |
| Count 10 | Breach of Contract of the Implied Duty of Good Faith and Fair Dealing |
| Count 12 | Declaratory Relief Regarding Defendants' Failure to Comply with the Condition Precedent Under the Code of Federal Regulations |

BOA and Deutsche removed the case to federal court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. §1331 based on discrete allegations in the complaint which referenced federal statutes.

Before the Court is plaintiffs' motion to remand. For the reasons that follow, the motion will be denied.

## II.

On April 26, 2013, plaintiff filed a complaint in state court against BOA, Deutsche, and the Trust.

On June 6, 2013, BOA and Deutsche (defendants) removed the case to federal court on the grounds of diversity jurisdiction. The notice of removal alleges that plaintiff is a citizen of Michigan, that BOA is a national bank located in North Carolina and therefore deemed a citizen of North Carolina. As to Deutsche, the notice of removal

alleged is a national bank located in California and trustee of the trust and therefore deemed a citizen of California. Defendants also alleged that the amount in controversy requirement is satisfied because the mortgage loan at issue is in the amount of $78,650.00.

Plaintiff then moved to remand the case to state court.

### III.

Plaintiff contends (1) removal was improper because defendants did not attach the summons with the removal papers and (2) removal was improper because the Trust did not join in or consent to removal, (3) BOA has not established that diversity jurisdiction exists, and (4) neither federal question nor supplemental jurisdiction exists. Each argument is addressed in turn below.

### A.

Plaintiff first contends that removal was improper because defendants did not attach the entire state court record. Namely, the summons issued to BOA. A defendant that wants to remove a case must file a notice of removal within thirty days that includes "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a)-(b). Plaintiff says that the statute mandates that all state court pleadings be included in the notice of removal, even those not served on the removing defendant. Plaintiff misinterprets § 1446(a). "[D]efendants [are] not required to file all of the pleadings from the state court proceeding, only those that were served on them." Cook v. Randolph Cnty., Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (citing 28 U.S.C. § 1446(a)). BOA's notice of removal did not need to include all of the state court record; rather, it needed to include only those documents on which it was served. BOA

3

says it does not have a copy of the summons for BOA because such a summons is not in the state court record. Even if BOA failed to include some documents, its failure does not warrant remand. "[A] totally inconsequential defect in removal papers [does not] deprive the district court of jurisdiction over a case removed to it." Walton v. Bayer Corp., 643 F.3d 994, 999 (7th Cir. 2011) (collecting authority). Thus, this argument does not support a remand.

**B.**

Plaintiff next contends that BOA failed to comply with the rule of unanimity when removing this case to federal court because the Trust did not join the removal petition nor did they file a written consent to removal within thirty days of receipt of the summons and/or complaint. The rule of unanimity provides that "in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal. Loftis v. UPS, 342 F3d 509, 516 (6th Cir. 2003). See also 28 U.S.C. § 1446(b)(2)(A).

Defendants argue that the Trust's consent was not needed because (1) it was fraudulently joined and (2) is a nominal defendant whose consent was not required.

As to fraudulent joinder, that doctrine is used to find that the joinder of a non-diverse defendant will not defeat diversity jurisdiction if that defendant was fraudulently joined. See Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). This doctrine does not apply here because, as defendants argue, the Trust is in fact diverse.

Regarding the citizenship of the Trust, In Gen. Ret. Sys. of the City of Detroit v. UBS AG, 2010 WL 5296957 (E.D. Mich. Dec. 20, 2010) another judge in this district

4

surveyed the law and concluded that a trust is a citizen of the state in which the trustee is a citizen. It is not a citizen of each state in which it has at least one beneficial owner, as plaintiff contends and which a minority of courts have found. As the district court explained:

> This court favors the reasoning of the majority of the Circuit Courts of Appeal, including the Sixth Circuit, and the Supreme Court in Navarro, that regardless of who the named plaintiff is, the trustee is the one with the authority to hold, manage and dispose of assets, as well as make decisions on behalf of the trust, and is therefore the real party to the action. As such, when considering whether diversity jurisdiction exists, the citizenship of the trust should be determined by the citizenship of its trustee or trustees only. This rule has the additional benefit of discouraging forum shopping by plaintiffs who can decide whether to sue in the name of the trust or the trustees.

Gen. Ret. Sys, 2010 WL 5296957 at *4. Other courts have held the same. See Arvest Bank v. Byrd, 2011 WL 3844189 at *7 (W.D. Tenn. Aug., 26, 2011); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 F. App'x 731, 732 (6th Cir 2002). As stated in the notice of removal, Deutsche, the trustee of the Trust, is a national bank located in California and therefore a citizen of California. Thus, the Trust is also a citizen of California, making all parties diverse.

Moreover, Deutsche, as trustee, could consent to removal on behalf of the Trust. See Buterbaugh v. Selene Fin. LP, 2013 LEXIS 29612 at *10 (E.D. Mich. Mar. 4, 2013).[2] Thus, the joinder of Deutsche in the removal was sufficient to establish the

---

[2]The district court in Buterbaugh granted the plaintiff's motion to remand based on a failure of the trust to join in the removal. However, in Buterbaugh, the defendants conceded that consent was not obtained and chose instead to argue, unsuccessfully, that the trust was not properly served. The district court held that the trust was properly served and therefore its consent was necessary for removal. Defendants here have made no such concession as to consent.

Trust's consent to removal.

As to whether the Trust is a nominal defendant, a fair reading of the complaint shows that plaintiff's claims are against BOA, the servicer of her loan, and Deutsche, the trustee. The complaint does not contain any substantive allegations of wrongdoing by the Trust, which itself is simply a pool of loans managed by Deutsche. As such, the Trust is a nominal defendant whose consent was not required for removal. See Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) ("[n]ominal defendants, those 'against whom no real relief is sought,' need not join in the petition.); Local Union 172 International Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick Inc., 253 F. Supp. 2d 1022, 1027 (S.D. Ohio 2003).

Overall, a remand is not warranted based on plaintiff's argument as to the Trust's consent.

## C.

Finally, plaintiff says that the case should be remanded because BOA has not met its burden of establishing that diversity jurisdiction exits. This argument lacks merit. Plaintiff is a citizen of Michigan, BOA is a citizen of North Carolina, Deutsche and the Trust are citizens of California, and the amount in controversy is satisfied.

## D.

Finally, given the conclusion that a remand is not required and that diversity jurisdiction exists, it is not necessary to address whether federal question and supplemental jurisdiction exists. However, defendants' argument that the complaint presents federal claims calls for some comment. A district court's federal question jurisdiction exists "only in those cases in which a well-pleaded Complaint establishes

6

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Thornton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir.1990). The federal ground asserted to establish jurisdiction must be more than incidental to a state-law claim, see, Johnson v. Orr, 551 F.3d 564, 570 (7th Cir.2008) and the mere incantation of a federal statute will not automatically trigger federal jurisdiction. See, Howery v. Allstate Ins. Co., 243 F.3d 912, 917–18 (5th Cir.2001); Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1105 (7th Cir.1996); Rains v. Criterion Sys., Inc., 80 F.3d 339, 343–44 (9th Cir.1996).

In the complaint, plaintiff references several federal laws, including the Trouble Asset Relief Program, ¶ 33, the Home Affordable Modification Program, ¶¶ 39, 41, and the Fair Debt Collection Practices Act, ¶ 73, the causes of action identified in the complaint are based on state law, not federal. The mere incantation of a federal statute does not trigger federal jurisdiction in this case, where the complaint contains no factual allegations to support federal statutory claims. Thus, jurisdiction cannot be premised on a federal question.

## IV.

For the reasons stated above, plaintiff's motion to remand is DENIED.[3]

---

[3]Previously, the Court granted in part a motion to remand in a mortgage case. Leckman v. Citimortgage, 12-14699 (E.D. Mich. Dec. 11, 2012). Leckman, unlike this case, the case was removed based on federal question jurisdiction as the complaint alleged a cause of action under the Fair Debt Collection Practices Act. Plaintiff moved to remand arguing, inter alia, that the consent of all parties was not obtained and all of the documents were not attached to the removal petition. The Court declined to address these arguments in light of the fact that federal question jurisdiction existed. The Court then remanded the state law claims. In short, this case is not like Leckman.

13-12430 Ernestine Jackson v.
Bank of America, et al

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 30, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 30, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160